```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

  **v.**                      **CRIMINAL NO. 1:07CR22**
                                    **(Judge Keeley)**

**ELEANOR WALKER,**

    **Defendant.**

**ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND REJECTING THE PROPOSAL OF A GUILTY PLEA
TO THE ONE-COUNT INFORMATION**

On April 20, 2007, defendant, Eleanor Walker, appeared before United States Magistrate Judge John S. Kaull and moved this Court for permission to enter a plea of GUILTY to the one-count Information. The defendant stated that she understood that the magistrate judge is not a United States District Judge, and consented to pleading before the magistrate judge. This Court had referred the guilty plea to the magistrate judge for the purposes of administering the allocution pursuant to Federal Rule of Criminal Procedure 11, making a finding as to whether the plea was knowingly and voluntarily entered, and recommending to this Court whether the plea should be accepted.

The magistrate judge advised the defendant of the nature of the charge made in the Information, and inquired whether the defendant had read and reviewed the Information with counsel. Defendant waived the reading of the Information.

**ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND REJECTING THE PROPOSAL OF A GUILTY PLEA
TO THE ONE-COUNT INFORMATION**

Next, the magistrate judge summarized the defendant's rights to proceed by a Grand Jury indictment and explained that she has a constitutional right to proceed by an indictment, and that the United States is able to charge her by Information only by waiving this right. The magistrate judge explained the Grand Jury process to the defendant: that to charge her with an offense a Grand Jury must find probable cause that she committed the offense; that the Grand Jury is composed of at least 16 and not more than 23 persons; and that at least 12 of the grand jurors must find that probable cause exists to so charge her.

The defendant stated that she understood that she had a right to proceed by indictment by a Grand Jury, and that by waiving this right, the United States could proceed to charge her with the Information just as though she had been indicted. Accordingly, the defendant signed a Waiver of Indictment in open court, and the magistrate judge ordered that the Waiver be filed.

Then, the magistrate judge had the Assistant United States Attorney review the elements that the Government would have to prove with respect to the charge of filing a false claim to the United States in violation of 18 U.S.C. §287. Counsel for the Government advised that it would have to prove that the defendant (1) presented or caused another to present a claim to a department or agency of the United States for money or property, (2) the claim

U.S. v. WALKER                                                    1:07cr22

**ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND REJECTING THE PROPOSAL OF A GUILTY PLEA
TO THE ONE-COUNT INFORMATION**

was false, fictitious or fraudulent, and (3) the Defendant knew the claim was false, fictitious or fraudulent.

The Court next heard testimony from IRS Special Agent Tammy Devericks. Special Agent Devericks testified that, on March 13, 2002, the defendant filed a 2001 tax return claiming $8,703.40 in wages, $845.57 in withholding, and a dependant grandchild. According to Devericks, the defendant was not employed, had no withholdings, and was not the grandmother of the child claimed on the tax return. Devericks testified that, through this false return, the defendant claimed $2,428.00 in earned income credit and a total refund of $3,274.00. Moreover, the defendant received and cashed a refund check of $3,274.00 based on the false claims.

After hearing the testimony of Special Agent Devericks, the defendant advised the Magistrate Judge that she did not do what Devericks had said she had done. The defendant stated that she did not "make" the forms, and did not even know the forms were sent out. She stated that she did cash the refund check, but had nothing to do with the filing of the tax return.

Based upon the defendant's statements during the plea hearing and the testimony of Special Agent Devericks, the magistrate judge found that the defendant disagreed with the Government's factual basis for the offense and denied that she committed the essential elements of the offense. Therefore, he rejected the proposal of a

3

**ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND REJECTING THE PROPOSAL OF A GUILTY PLEA
TO THE ONE-COUNT INFORMATION**

---

plea in this case and concluded the change of plea hearing.

On April 23, 2007, the magistrate judge entered a Report and Recommendation, recommending that this Court reject the proposal of a plea of guilty to the one-count Information.  The magistrate judge also directed the parties to file any written objections to the report and recommendation within ten (10) days after service of the report and recommendation.  The magistrate judge further directed that failure to file objections would result in a waiver of the right to appeal from a judgment of this Court based on the report and recommendation.

The parties did not file any objections.  Accordingly, this Court finds that the magistrate judge's recommendation should be **ADOPTED** and **REJECTS** the parties' proposal of a plea of guilty to the one-count Information.

It is so **ORDERED**.

**ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND REJECTING THE PROPOSAL OF A GUILTY PLEA
TO THE ONE-COUNT INFORMATION**

The Clerk is directed to transmit copies of this Order to counsel of record, the defendant and all appropriate agencies.

DATED: May 14, 2007

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE